# Third District Court of Appeal

## State of Florida

Opinion filed March 26, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D24-2213, 3D24-2214, 3D24-2215, 3D24-2216, 3D24-2217
Lower Tribunal Nos. F96-23813B, F96-23816B, F96-23818B, F96-23820A,
F97-26254

_____

**Luis Alberto Perez,**
Appellant,

vs.

**State of Florida,**
Appellee.

Appeals under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Laura Shearon Cruz, Judge.

Chase Law Florida, P.A., and Brett S. Chase (St. Petersburg), for appellant.

James Uthmeier, Attorney General, and Daniel Colmenares, Assistant Attorney General, for appellee.

Before FERNANDEZ, LOBREE and GOODEN, JJ.

PER CURIAM.

The Appellant has failed to demonstrate that any prejudicial error occurred by the trial court's denial of his motion to correct illegal sentence as moot. See § 924.051(3), Fla. Stat. (2024) ("A judgment or sentence may be reversed on appeal only when an appellate court determines after a review of the complete record that prejudicial error occurred and was properly preserved in the trial court or, if not properly preserved, would constitute fundamental error."); Earl v. State, 314 So. 3d 1253, 1255–56 (Fla. 2021) ("[H]ad [the defendant] been granted the relief he requested, his sentence would not have been changed by a single day. Therefore, [the defendant] cannot show that the denial of his rule 3.800(a) motion resulted in harm that may be remedied on appeal."); Mitchell v. State, 309 So. 3d 667, 668 (Fla. 4th DCA 2020) (affirming lower court's dismissal of defendant's motion to correct illegal sentence as moot where the lower court found "the applicable mandatory minimum would have no effect on gain time because the defendant [was] serving a life sentence without the possibility of parole"). As a result, we affirm.

Affirmed.